IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LIONEL WENDAL ALEXANDER | ) | |
| | ) | |
| v. | ) | 3-06-CV-939-P |
| | ) | (Consolidated with |
| NATHANIEL QUARTERMAN[1], Director, | ) | 3-06-CV-940-P) |
| Texas Department of Criminal Justice | ) | |
| Correctional Institutions Division | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the court in implementation thereof, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

**FINDINGS AND CONCLUSIONS**:

**Type Case**: This is a petition for habeas corpus relief filed by a State inmate pursuant to 28 U.S.C. § 2254.

**Parties**: Petitioner is an inmate confined at the Michael Unit of the Texas Department of Criminal Justice, Correctional Institutions Division at Tennessee Colony, Texas, serving a convictions for the offenses of attempted sexual assault.

Respondent is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division.

**Statement of the Case**: Upon his pleas of not guilty to the offense of attempted sexual

---

[1] Effective June 1, 2006, Nathaniel Quarterman was named Director of the Texas Department of Criminal Justice, Correctional Institutions Division. The caption is being changed pursuant to Fed. R. Civ. P. 25(d).

assault alleged in the indictments in Causes Nos. F-04-01414-NH and F-04-01415-NH  Alexander was tried by a jury at the conclusion of which the jury returned verdicts of guilty in each case. Thereafter Alexander entered pleas of true to the enhancement paragraphs alleged in the respective indictments and the trial court assessed his punishment in each case at a term of life imprisonment. Petitioner effected direct appeals from his convictions and on January 4, 2006, the Court of Appeals for the Fifth District of Texas at Dallas affirmed his convictions in an unpublished opinion.  His petitions for discretionary review filed in the Texas Court of Criminal Appeals were refused on May 3, 2006.   Thereafter he filed two petitions for habeas corpus relief in this court.  His petition filed in 3-06-CV-940-N was transferred and consolidated with his petition filed in 3-06-CV-939-P. Rule 2(e) of the Rules Governing Section 2254 Cases permits a state prisoner to file a single petition when the convictions at issue are pursuant to proceedings before a  state court in a single criminal proceeding.  No process has been served on Respondent.

**Findings and Conclusions**: Rule 4 of the Rules Governing Section 2254 Cases directs the court to examine the grounds presented and if it plainly appears that the petitioner is not entitled to relief, the court may summarily dismiss the petition.  The sole basis for relief alleged by Alexander is his claim that his right to due process was violated by the state trial court's failure to include a lesser included offense of assault in its instructions to the jury.[2]

Disposition of Alexander's claim is governed by the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA").  In pertinent part the AEDPA provides that "a federal court shall not grant habeas corpus relief on any claim adjudicated on the merits in state

---

[2] In a pleading filed this day, Alexander states that this claim was presented in his petition for discretionary review.

court proceedings unless the determination resulted in a decision that was contrary to ... or involved an unreasonable application of, clearly established Federal law as determined by the Supreme Court of the United States." See § 2254(d)(1). Alexander has not identified any decision of the United States Supreme Court which holds that in a non-capital case a failure to give a lesser included offense charge violates any rights secured by the United States Constitution. The only occasion on which this issue was addressed was in Beck v. Alabama, 447 U.S. 625, 100 S.Ct. 2382 (1980), in which the Supreme Court held that a death sentence could not be imposed in a capital case in which the jury was not permitted to consider a verdict of guilt of a lesser included non-capital offense and when the evidence would have supported such a verdict. The Beck opinion is inapplicable to Alexander's convictions since neither indictment alleged a capital offense nor was a death sentence prescribed under the Texas Penal Code. Therefore, Petitioner's ground fails to present a cognizable basis for federal habeas corpus relief. Moreover, Petitioner cannot demonstrate that the state court's rejection of his claim was an objectively unreasonable application of United States Supreme Court law. See Yarborough v. Gentry, 540 U.S. 1, 124 S.Ct. 1 (2003). For example, see Creel v. Johnson, 162 F.3d 385, 390 (5th Cir. 1998); Valles v. Lanaugh, 835 F.2d 126, 127 (5th Cir. 1988), and Alexander v. McCotter, 775 F.2d 595, 601 (5th Cir. 1985), which hold, consistent with the disposition made of Alexander's claim in Texas state court proceedings, that Beck is applicable only to capital offenses in which the death penalty was imposed.

**RECOMMENDATION**:

    For the foregoing reasons it is recommended that the District Court find that Alexander has

3

failed to allege a cognizable basis for federal habeas corpus relief and that his petition be denied and dismissed.

A copy of this recommendation shall be transmitted to Petitioner.

SIGNED this 29th day of June, 2006.

_____
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

**NOTICE**

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten (10) days after being served with a copy of this recommendation. Pursuant to Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a de novo determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.